**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4948**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ANDRE PHILLIP HUNT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-03-185)

---

Submitted: August 26, 2004      Decided: September 1, 2004

---

Before WIDENER, and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Andre Phillip Hunt appeals his conviction on a jury verdict on a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Specifically, he contends the district court abused its discretion by allowing the introduction and repeated use at trial of evidence of his participation in armed robbery, which he asserts was extremely prejudicial.

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." We review the lower court's application of this balancing test with the broad deference that the abuse of discretion standard requires, see, e.g., United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998), and find the district court did not abuse its discretion in this case. The evidence of Hunt's earlier participation in the armed robbery, in which he brandished and fired the firearm later found in the vehicle he was driving, had substantial probative value and was directly relevant to whether Hunt was a felon in possession of a firearm. This is particularly so given that another passenger had been in the vehicle with Hunt between the time of the armed robbery and the time police discovered the firearm when they stopped the vehicle. There was no abuse of discretion in the district court's determination that the probative value of the disputed evidence was

not "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. While the robbery evidence was potentially prejudicial to Hunt, it was not unfairly prejudicial and its probative value exceeded any prejudice Hunt may have suffered, given that Hunt's earlier use of the firearm was inexorably intertwined with the proof that the firearm found in the vehicle actually was possessed by Hunt. See United States v. Myers, 280 F.3d 407, 413-14 (4th Cir. 2002); see also United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996) (holding murder evidence admissible under Rules 403, 404(b) where it concerns "acts intrinsic to the crime charged").

Accordingly, we affirm the district court's denial of Hunt's motion in limine, and further affirm Hunt's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED